**AYER v. BLAIR, Com'r of Internal Revenue.**

Court of Appeals of District 'of Columbia.
Submitted April 11, 1928. Decided
May 7, 1928.

No. 4675.

Internal revenue ☞7(19)—Loss on. note executed before March 1, 1913, held deductible only for difference in value on such date and date charged off; "disposition" (Revenue Act 1918, §§ 202(a), 214(a) (7), Comp. St.' §§ 6336⅛bb(a), 6336⅛g(a).

Under Revenue Act 1918, § 202(a), Comp. St. § 6336⅛bb(a), relative to ascertaining gain or loss from sale or other disposition of property, loss on note executed before March 1, 1913, is deductible only for difference in value on March 1, 1913, and date it was charged off as worthless, after partial payment thereof deduction of debts ascertained to be worthless and charged off within taxable year, charging off such note as worthless, constituting "disposition," within meaning of section 202(a).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Disposition.]

Appeal from the United States Board of Tax Appeals.

Proceeding between Charles F. Ayer and David H. Blair, Commissioner of Internal Revenue, for determination of deficiency in income tax returns. From a decision of the Board of Tax Appeals, approving the determination by the Commissioner of Internal Revenue, Charles F. Ayer appeals. Affirmed.

J. C. Peacock and J. W. Townsend, both of Washington, D. C., for appellant.

L. L. Hight, of Washington, D. C., and Morton P. Fisher, of Baltimore, Md., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal relates to a deficiency in the income tax returns of appellant for the year 1920, as determined by the Commissioner of Internal Revenue and approved by the Board of Tax Appeals.

It appears that the Atlantic & Birmingham Construction Company, a corporation, was organized in the year 1905, and that the appellant acquired a large amount of its stock. By 1908 the corporation was heavily involved, and appellant, together with other stockholders, advanced funds to it in order to avoid foreclosure. By May 1, 1912, appellant's advance amounted to $26,338.22, and on that day he received from the company its so-called funding notes in that sum, se-cured by pledge of certain of its assets. Appellant afterwards made other advances to the corporation, and on May 1, 1915, he received from it other funding notes in the sum of $7,955.37, secured by a second lien upon the assets held as security for the former notes. No payment was made upon any of the notes until in the year 1920, when the securities were finally liquidated, and the sum of $1,310.33 was paid to appellant as the first and final dividend upon his notes. Thereupon appellant on December 31, 1920, charged off the sum remaining unpaid upon the notes according to their face value, to wit, the sum of $32,683.24, as a bad debt, and deducted the same from his income tax returns for 1920.

The Commissioner of Internal Revenue disallowed in part the deduction claimed for the notes taken prior to March 1, 1913, and held that the deduction for these should be measured by the difference between the fair value thereof on March 1, 1913, and the amount realized thereon in the 1920 liquidation. The Commissioner found the fair value of these notes on March 1, 1913, to be $5,267.-64, and found that the allowable deduction, after subtracting the liquidating dividend, amounted to $3,957.31. The Commissioner allowed this sum as a valid deduction and declared a deficiency accordingly.

This action of the Commissioner was sustained by. a majority decision of the Board of Tax Appeals, upon the ground that the funding notes in question represented an investment of the taxpayer and not a debt, and that the deduction for them as such should be only the fair value thereof on March 1, 1913, less the liquidating dividend. The dissenting members held that the funding notes constituted a debt, and that the taxpayer was entitled to a deduction of the face value thereof, less the dividend, without reference to the fair value of the notes on March 1, 1913. In this court the Commissioner does not contend that the funding notes were not a debt, but insists that the board's decision nevertheless was correct.

The question involved herein calls for a construction of the following parts of the Revenue Act of 1918 (40 Stat. 1057), which was in force in the year 1920.

"Section 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

"(2) In the case of property acquired on or after that date, the cost thereof. * * *" Comp. St. § 6336⅛bb(a).

"Section 210. That * * * there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax. * * *" Comp. St. § 6336⅛e.

"Section 214. (a) That in computing net income there shall be allowed as deductions: * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year." Comp. St. § 6336⅛g(a).

Appellant contends that subsection 7 of section 214 (a), supra, provides that debts ascertained to be worthless and charged off within a taxable year shall be allowed as deductions in computing net income for that year; that this provision is specific and unqualified, and contains no reference to the fair value of any debts on March 1, 1913; and that deduction should be allowed, regardless of the date of the debts, for the face value thereof as ascertained to be worthless and charged off within the taxable year.

We cannot agree with this view. The foregoing provision does not specify whether deductions shall be allowed for the face value of the debts, or the amount paid for them, or their fair value on March 1, 1913. It is certain, however, that such deductions were intended to provide for losses sustained by the taxpayer, and these cannot be measured alone by the face value of the debts. For instance, if a promissory note having a face value of $10,000 be purchased by a taxpayer for a consideration of $5,000, and afterwards be charged off as worthless, a deduction should not be allowed for $10,000, the face value of the note, but $5,000, the actual loss. Section 202 (a) governs in ascertaining the losses sustained by taxpayers from the sale or other disposition of all kinds of property, and it is conceded herein that debts are property. The section provides that when property was acquired before March 1, 1913, the basis for ascertaining the loss from the sale or other disposition thereof shall be the fair market price or value of the property as of that date, but that in the case of property

acquired on or after that date the cost thereof shall be taken. These provisions are applicable in the present case and justify the decision of the board.

It is pointed out by appellant that section 202 (a) refers only to losses sustained from the sale or other disposition of property; whereas appellant argues that in the present case there has been no sale or other disposition of the funding notes, and consequently that the section does not apply. Appellant states in his brief:

"We do not question that if appellant had either sold or disposed of his 'property' consisting of the debt evidenced by the funding notes, the basis for deducting a 'loss sustained' would have been the March 1, 1913, value. But he did neither. He merely charged them off, and incidentally retained the notes, instead of selling or disposing of them."

We think the word "disposition" bears a broader signification than is thus insisted upon. One of the definitions of the word given by the Century Dictionary is, "Definite settlement with regard to some matter," and this would aptly cover the act of charging off a worthless debt. The case therefore is not thus excluded from the cited section.

It may be noted that this conclusion accords with the successive regulations promulgated by the department under statutory authority. In the Revenue Act of 1924, however, section 204 (b), Comp. St. § 6336⅛ bbb (b), which corresponds with section 202 (a) of the Revenue Act of 1918, Comp. St. § 6336⅛bb (a), provides that the basis for determining gains or losses from the sale or other disposition of property acquired before March 1, 1913, shall be (a) the cost of such property, or (b) the fair market value of such property as of March 1, 1913, whichever is greater. The latter enactment differs so radically from the former that it cannot be regarded as merely a legislative interpretation of it.

We have examined the authorities cited by appellant, but do not deem it necessary to refer to them in detail. We are convinced that the decision of the Board of Tax Appeals should be, and it is, affirmed.