### SKINNER et al. v. EATON, Internal Revenue Collector.

District Court, D. Connecticut. August 6, 1929.

No. 3018.

See, also, 34 F.(2d) 475.

Day, Berry & Reynolds, of Hartford, Conn. (Lawrence A. Howard, of Hartford, Conn., of counsel), for plaintiffs.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eldon O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BURROWS, District Judge. This is an action to recover $1,722.26, collected from the plaintiffs' decedent as part of income tax for the year 1920. The case was tried to the court; jury trial having been waived by stipulation in writing.

The decedent "charged off and ascertained to be worthless" during said year the sum of $6,017.50. The Commissioner of Internal Revenue disallowed the amounts of the following notes, claimed by the taxpayer as deductible:

| Maker of Note | Face Value of Note | Date Executed |
|---|---|---|
| E. A. Campbell | $1,000.00 | May 27, 1912 |
| C. L. Burnham | 1,000.00 | May 20, 1911 |
| W. B. Dwight | 125.00 | 1911 |
| G. E. Cogswell | 500.00 | January 14, 1910 |
| G. E. Cogswell | 250.00 | April 25, 1912 |
| Wm. M. Stark | 1,000.00 | 1913 |

There was testimony that E. A. Campbell is a New York doctor, who is a relative by marriage of the son of the decedent; that C. L. Burnham and G. E. Cogswell were Trinity graduates, as was also the decedent. The decedent loaned money to the several parties for the purpose of assisting them through college, and the above notes were taken by him in such transactions.

The plaintiffs claim a deduction of the amount of the several notes under Revenue Act 1918, section 214(a)(7), 40 Stat. 1067, which provides:

"(a) That in computing net income there shall be allowed as deductions:

* * * * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year."

This statute must be considered in conjunction with section 202(a) of said act (40 Stat. 1060). Ayer v. Blair, 58 App. D. C. 175, 26 F.(2d) 547. Said section is as follows:

"(a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

"(2) In the case of property acquired on or after that date, the cost thereof. * * * *"

There is no evidence to indicate the value or cost of any of these notes, either when executed and delivered or as of March 1, 1913. The amount stated on the face of a note cannot be considered prima facie the value or cost thereof. Ayer v. Blair, supra. It is therefore immaterial whether or not they were all acquired before March 1, 1913, or whether one of them was acquired after that date.

There is no distinction between the present case, where a note was taken as evidence of a debt, called by the plaintiffs "a debt of honor," and notes of a corporation secured by a lien on its property as in the Ayer Case. The plaintiffs' decedent regarded the notes as evidence of the debts, and sought a deduction as such.

Assuming that the notes in fact had had some value, the plaintiffs have not shown that the decedent ascertained the notes to be worthless in the year 1920. Evidence was offered that the plaintiffs have written to the makers of the notes in regard to payment, but there is no evidence that the makers refused payment, or that they have no property out of which collection could be made. No suits have been instituted upon the notes, and whether or not the makers would take advantage of the statute of limitations is problematical, even if the defense exists.

The plaintiffs have not sustained their burden of proof, and therefore are not entitled to the deduction sought.

The defendant's motion for judgment and costs is granted. Let an order follow.