## KINKEAD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5296.

Circuit Court of Appeals, Third Circuit.
June 6, 1934.

M. F. Gallagher, S. M. Rinaker, and E. B. Wilkinson, all of Chicago, Ill., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision by the Board of Tax Appeals. The petitioner deducted the face value of a note for $30,272 from her 1928 income on the ground that the debt which it covered was ascertained to be worthless in that year. The Commissioner disallowed the deduction.

On May 27, 1919, the petitioner had received as a gift a promissory note of one Norton, made payable to her father in the sum of $30,272. On the same day Norton told the petitioner's father in her presence that he could repay the loan, but preferred not to do so as he was going into the garage business. He thereupon made a new note in a like amount but payable to the petitioner. The following day Norton sent the petitioner's father a certificate for 1,000 shares of the Plains Oil Company indorsed in blank. This certificate was presumably intended as collateral security since Norton requested that it be, and afterward it was in fact, attached to the note payable to the petitioner. There is nothing upon the record to show that the stock had any value. The original note was payable November 20, 1920. In 1923 the petitioner's father delivered the note, which was then past due, to an attorney for collection. In January, 1925, the petitioner surrendered

the note then in her possession to Norton and the latter gave her a new note in the sum of $40,564.48, representing the principal of the first note plus interest then due. In 1925 the petitioner retained an attorney to collect this latter note. In 1928 reports were received by the petitioner to the effect that Norton was hopelessly insolvent. The petitioner at no time received payment on the original or the subsequent notes.

Upon this state of facts, the Commissioner disallowed the deduction and determined a deficiency. He was sustained by the Board of Tax Appeals.

Section 23 (j) of the Revenue Act of 1928 (26 USCA § 2023 (j), upon which the petitioner bases her claim for the deduction, provides:

"In computing net income there shall be allowed as deductions: * * *

"Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

The petitioner contends that she has met the requirements of this section by proof that the debt was ascertained to be worthless in 1928 and was charged off in that year. This contention, however, fails to take into consideration the fact that the note represented a gift, as well as a bad debt, and that section 113 (a) (4) of the Revenue Act of 1928 (26 USCA § 2113 (a) (4) is also applicable. That section reads:

"The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"If the property was acquired by gift or transfer in trust on or before December 31, 1920, the basis shall be the fair market value of such property at the time of such acquisition. * * *"

This section, as applied to the facts in the instant case, means that the basis for determining the loss on the note is its fair market value at the time of its acquisition in 1919. It was therefore encumbent upon the petitioner, seeking the special privilege of a deduction, to prove not only that the note was worthless as a debt but that, when acquired as a gift in 1919, it had value. Inasmuch as a debt, worthless when acquired, adds nothing to the assets of the creditor, there is nothing to be charged off when the fact of its worthlessness is determined. Eckert v. Burnet, 283 U. S. 140, 51 S. Ct. 373, 75 L. Ed. 911; In re Park's Estate (C. C. A.) 58 F.(2d) 965; Voliva v. Commissioner (C. C. A.) 36 F.(2d) 212.

The petitioner had the burden of proving the value of the note when acquired by her as a gift. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991; Bishoff v. Commissioner (C. C. A.) 27 F.(2d) 91. The Board concluded that the petitioner had failed to meet this burden. We see no error in its conclusion.

The decision of the Board of Tax Appeals is affirmed.