## LONG v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8571.

Circuit Court of Appeals, Ninth Circuit.

April 23, 1938.

Petition for Rehearing Denied
May 18, 1938.

Chandler P. Ward, of Los Angeles, Cal., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Alexander Tucker, and John J. Pringle, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The Commissioner of Internal Revenue disallowed a deduction claimed in petitioner's income tax return and determined a deficiency in the tax liability of $3,286.17 for the year 1931. She petitioned the Board of Tax Appeals for a redetermination of the deficiency and prayed that, "The Board may find that the taxpayer suffered a deductible loss during the year 1931 in the sum of $112,450." The Board decided no deduction should be allowed. Petitioner seeks review of this decision.

The undisputed facts are as follows: On January 10, 1929, petitioner and her husband, Marcus Marshall, entered into a written agreement settling their property rights and claims between themselves, including the maintenance of their two minor daughters. Their property was held in community. The agreement provided that the husband would convey to petitioner certain realty and personal property and would within five years discharge encumbrances on the realty amounting to the sum of $9,324.01, and would create a fund of $100,000 payable to petitioner for the maintenance of herself and the children, and, until such fund had been created and paid to petitioner, pay her $500 monthly.

An action for divorce was pending in the California Superior Court when this agreement was entered into and on February 15, 1929, an interlocutory decree of divorce was entered and the agreement, as above detailed, was approved by the court. The court also directed that Marshall deposit with a trust company 500 shares of stock of the Marshall Corporation as a guaranty for the establishment of the $100,000 fund. A final decree of divorce, which by reference incorporated the terms of the agreement, was entered February 17, 1930.

Marshall conveyed the realty, deposited the 500 shares as ordered, and paid the $500 per month until October, 1930, when he paid but $200 and in November but $150, in December $150 and nothing there-

after. Upon his death in April, 1931, he was delinquent in the sum of $2,500. He had not then discharged any part of the encumbrances on the realty, nor had he paid to petitioner any part of the proposed $100,000 fund.

At his death in 1931 his estate consisted of insurance and personalty of an aggregate value of $3,571. Creditor's claims, in addition to petitioner's claim of $112,450, were many times the value of the assets. The stock deposited as a guarantee for the establishment of the $100,000 fund was worthless.

In the year of Marshall's death petitioner ascertained that the amounts agreed to be paid were uncollectible, charged them off as valueless, and took a deduction in her income tax return for that year of $112,450 as a bad debt.

Section 23(j) of the Revenue Act of 1928, 26 U.S.C.A. § 23 note, under which petitioner claimed and the Board disallowed deductibility of the amount in question, provided as follows:

"In computing net income there shall be allowed as deductions: * * *

"(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year."

The parties have argued the question of whether or not the obligation charged off by petitioner was a "debt" within the meaning of the quoted provision. However, we do not here decide this point since in our view if it be assumed that the sum unpaid under the property settlement agreement is a debt nonetheless the claimed deduction was properly disallowed.

Section 113 of the Revenue Act of 1928, 26 U.S.C.A. § 113 note (effective when this deduction was claimed), provided, so far as is applicable here, that: "The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property." It has been held, and we think properly, in construing the comparable provision of section 202 of the Revenue Act of 1918, 40 Stat. 1060,[1] that the act of charging off a worthless debt is a "disposition" of property. Ayer v. Blair, 1928, 58 App.D.C. 175, 26 F.2d 547; Skinner v. Eaton, D.C.Conn., 1929, 34 F.2d 576, affirmed without opinion,

---

[1] "Sec. 202: (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—"

2 Cir., 1930, 44 F.2d 1020. The same conclusion was reached by this court in Crocker v. Lucas, 9 Cir., 1930, 37 F.2d 275, where section 202(b)[2], of the Revenue Act of 1921, 42 Stat. 229 (substantially identical with the provision here under consideration), was involved.

 Where a bad debt deduction is claimed it will not be granted in the absence of proof of the basis governing its allowance. Harmount v. Commissioner, 6 Cir., 1932, 58 F.2d 118, 121; and see Kinkead v. Commissioner, 3 Cir., 1934, 71 F.2d 522. And the amount stated on the face of an obligation cannot be considered prima facie the cost thereof. Ayer v. Blair, supra; Skinner v. Eaton, supra.

 In the present case the Board of Tax Appeals has made no finding as to the "cost" of the "debt" now sought to be deducted as worthless. Nor could such a finding have been made since the record is barren of evidence as to the fact. If the obligation involved be thought to have been acquired by way of gift and thus to have become part of petitioner's capital without cost to her, then the basis for determining the loss would be the fair market value of the obligation at the time of acquisition by the donor. Section 113(a) (2) of the Revenue Act of 1928, 26 U.S. C.A. § 113 note; see Kinkead v. Commissioner, supra. No evidence as to fair market value appears in the record, and indeed it is doubtful whether the agreement may be properly said to have had a "fair market value." As stated in Helvering v. Walbridge, 2 Cir., 1934, 70 F.2d 683, 685, "All the cases have required some more palpable measure than any available here, which can be no more than an opinion as to the value of a unique right of action for which there were no known buyers, nor any but an imaginary demand. [Citing cases.]".

 Regardless, then, of whether "cost" or "value" be considered as the proper measure for the calculation of the claimed deduction, no basis has been established. The burden of proof to establish a deductible loss and the amount of it, clearly was upon petitioner. Reinecke v. Spalding, 280 U.S. 227, 233, 50 S.Ct. 96, 98, 74 L.Ed. 385; Harmount v. Commissioner,

supra; Kinkead v. Commissioner, supra. If it be thought that the difficulties of establishing a basis in a case such as the present are insurmountable, the language of the Supreme Court in Burnet v. Houston, 283 U.S. 223, 228, 51 S.Ct. 413, 415, 75 L.Ed. 991, is pertinent. The court there said: "We cannot agree that the impossibility of establishing a specific fact, made essential by the statute as a prerequisite to the allowance of a loss, justifies a decision for the taxpayer based upon a consideration only of the remaining factors which the statute contemplates. * * * The impossibility of proving a material fact upon which the right to relief depends simply leaves the claimant upon whom the burden rests with an unenforceable claim, a misfortune to be borne by him, as it must be borne in other cases, as the result of a failure of proof."

Affirmed.

HANEY, Circuit Judge (concurring).

I concur in the result. I am impelled to this conclusion because I think it necessary that either a cost or value of the debt (assuming that it was a debt), attempted to be written off, must be found as a basis for the amount to be deducted. I think such basis arises as a general proposition of law implied from the intent of the act and not from the provisions relating to disposition of property since there is no reference thereto in the provision permitting deduction for "debts ascertained to be worthless and charged off within the taxable year." "Generally speaking, the income tax law is concerned only with realized losses, as with realized gains." Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010; and see Burnet v. Logan, 283 U.S. 404, 413, 51 S.Ct. 550, 552, 75 L.Ed. 1143; Burnet v. Huff, 288 U.S. 156, 161, 53 S.Ct. 330, 332, 77 L.Ed. 670. A similar limitation has been applied with respect to the accrual of income, for income accrues to a taxpayer, when there arises to him a fixed or unconditional right to receive it, but only "if there is a reasonable expectancy that the right will be converted into money or its equivalent." H. Liebes & Co. v. Commissioner, 9 Cir., 90 F.2d 932, 936. Thus, there is no income

---

[2] "Sec. 202. * * * (b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, ac-

quired before March 1, 1913, shall be the same as that provided by subdivision (a); but—"

when the accrued right is worthless, and, conversely, there should be no loss if the accrued right is worthless. Cf. Eckert v. Burnet, 283 U.S. 140, 141, 51 S.Ct. 373, 374, 75 L.Ed. 911.

The record is devoid of anything indicating either a cost or value to be given decedent's promise. In the absence of such evidence, the Board could have made no finding of the amount thereof, and rightly presumed the determination of the Commissioner to be correct. Buck v. Commissioner, 9 Cir., 83 F.2d 786, 788, and cases cited.