KENNEDY W. WARD v. I. L. CLAYTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA

No. 693SC129

(Filed 18 June 1969)

1. Taxation § 28— deductions for casualty losses

G.S. 105-147(9)(b) authorizes State income tax deduction for certain casualty losses, including fire, to property not connected with a trade or business.

2. Taxation § 28— loss from disposition of property — basis

G.S. 105-144 provides that in ascertaining a loss from the sale "or other disposition of property," the basis shall be the adjusted cost of the property.

3. Taxation § 28— amount of casualty loss deduction

A casualty loss by fire is an "other disposition of property" within the meaning of G.S. 105-144; therefore, a State income tax deduction for such a casualty loss may not exceed the taxpayer's adjusted cost basis of the property damaged or destroyed by the fire.

4. Taxation § 28— realized losses

The income tax law is concerned only with realized losses, as with realized gains.

5. Taxation § 28— deductions — burden of proof

The taxpayer has the burden of establishing a deductible loss and the amount thereof.

6. Taxation § 28— proof of amount of casualty loss — cost basis of property destroyed

Plaintiff taxpayer has failed to prove that he is entitled to a deduction for a casualty loss by fire where he introduced no evidence of the cost basis of the property destroyed by fire whereby a realized loss can be measured.

APPEAL by plaintiff from *Cohoon, J.,* 30 September 1968 Session, Superior Court of CRAVEN.

Plaintiff instituted this action to recover income tax and interest paid under protest. The parties agreed that the case might be heard by the court without a jury. The cause was submitted upon stipulation of facts and defendant's exhibits, consisting of certain income tax bulletins issued by the Commissioner of Revenue, and the parties agreed that the court could hear the evidence, make its findings of fact and conclusions of law and render judgment accordingly.

In summary (except where quoted), the facts found by the court, in addition to jurisdictional facts, are these: Plaintiff, a cash basis taxpayer, owned a one-half undivided interest in a tract of land in Craven County, North Carolina. On 4 and 5 April 1963, a fire burned over a large portion of the tract. Plaintiff filed a timely income tax return for the year 1963 in which he reported adjusted gross income of $19,128.25 and itemized personal deductions of $29,666.41, of which $28,142.56 was described as follows: "fire loss of ½ interest in 2,500 acres timber April 1963; value before $34,097.02, value after $6,067.96, total loss $28,029.06 plus expense of Consulting Forester $113.50." On 26 January 1968, defendant, in accordance with the provisions of G.S. 105-159 and G.S. 105-241.1, gave formal notice to plaintiff of income tax assessment for additional income tax due of $866.11 plus interest of $199.21 for a total amount due of $1065.30. The assessment was based on defendant's disallowance of the claimed $28,142.56 casualty loss for the reason that the amount claimed had not been shown to be the same as, or less than, plaintiff's adjusted basis in the property which was the subject of the claimed casualty loss. Plaintiff protested the proposed assessment and requested a hearing which was held on 27 March 1968. Defendant affirmed the assessment, holding that a casualty loss deduction may not exceed the adjusted cost basis of the taxpayer in the property. No evidence as to adjusted cost basis was presented by plaintiff, it being plaintiff's contention that the amount of a casualty loss is the difference between the fair market value of the property immediately before and after the loss without regard to cost basis and that plaintiff's loss was in such an amount that, if deductible, plaintiff would owe no income tax for 1963, plaintiff having received no compensation from insurance or otherwise to reduce the loss. Plaintiff paid the sum of $1065.30 under protest and brought this action to recover same with interest and costs. Finding of fact No. 16 was as follows:

"16. The pamphlet entitled 'State of North Carolina Individual Income Tax Bulletins for Taxable Years 1963 and 1964' excerpts of which were admitted in evidence as Defendant's Exhibit 2, was not approved by the Tax Review Board, nor was

the same filed with the Secretary of State. No evidence was received with respect to the approval by the Tax Review Board or to the filing with the Secretary of State the 'State of North Carolina Individual Income Tax Bulletins' for the taxable years 1961 and 1962, 1965 and 1966 and 1967 and 1968, excerpts of which were admitted in evidence as Defendant's Exhibits 1, 3 and 4. Therefore, none of the aforesaid Bulletins, or excerpts therefrom, were considered by the Court in reaching its findings of fact, other than this paragraph 16, or in reaching its conclusions of law."

The administrative practice of the Commissioner of Revenue has been, at least since 2 January 1962, to limit a deduction for a casualty loss arising by fire to an amount not in excess of the adjusted cost basis of the property damaged or destroyed by the fire, for the purpose of administering the North Carolina income tax laws. Plaintiff, through counsel, admitted in open court that he had no cost basis in the property referred to herein, which was acquired by him prior to 1 July 1963.

Upon the foregoing findings of fact, the court made the following conclusions of law:

"1. That this Court has jurisdiction over the parties and over the subject matter of this action.

2. That plaintiff is properly before this Court and is not required to have sought further administrative review prior to the institution of this action.

3. That for North Carolina income tax purposes, G.S. 105-147(9)(b) authorizes the deduction from gross income of losses of property not connected with a trade or business sustained in an income year, if the loss arises from fire, storm, shipwreck or other casualties or theft to the extent such losses are not compensated by for insurance or otherwise; but that in ascertaining the loss from the sale or other disposition of property, G.S. 105-144(a)(1) provides that the basis shall be the cost of the property, if the property was acquired before 1 July 1963.

4. That a casualty loss by fire is an 'other disposition of property,' so that such loss is required to be measured by reference to G.S. 105-144(a).

5. That the burden of proving plaintiff's basis in property which is subject to a casualty loss deduction is upon the plaintiff, and having failed to prove his basis, plaintiff is not entitled to any casualty loss deduction.

6. That defendant properly denied plaintiff's casualty loss deduction and properly assessed an additional income tax of $866.11, plus interest of $199.21, a total tax of $1,065.30.",

and ordered the action dismissed at plaintiff's cost.

Plaintiff did not except to any of the findings of fact or conclusions of law but excepted to the signing and entry of the judgment and appealed.

*A. D. Ward for plaintiff appellant, and Kennedy W. Ward plaintiff appellant In Personam.*

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks for defendant appellee.*

MORRIS, J.

Appellant's only assignment of error is the signing and entering of the judgment sustaining the Commissioner of Revenue and dismissing the action.

G.S. 105-147 entitled "Deductions" provides:

"In computing net income there shall be allowed as deductions the following items: . . . (9) Losses of such nature as designated below: . . . b. Losses of property not connected with a trade or business sustained in the income year if arising from fire, storm, shipwreck or other casualties or theft to the extent such losses are not compensated for by insurance or otherwise;".

**[1]** Unquestionably the statute authorizes a deduction for certain casualty losses, including fire, to property not connected with a trade or business. The parties are agreed that plaintiff has suffered such a loss. It is stipulated that plaintiff's loss was not compensated for by insurance or otherwise.

**[3]** The only controversy between the parties is the method of arriving at the amount of the deduction. Plaintiff contends that the loss is to be measured by the difference between the fair market value immediately before and after the loss. Defendant contends that the loss must be measured by reference to plaintiff's cost basis; i.e., that plaintiff may not deduct any amount of a casualty loss in excess of his cost basis, and since plaintiff has failed to show what his cost basis is, he is not entitled to a deduction. Plaintiff states he has no cost basis in the property.

Defendant argues that G.S. 105-144 "Determination of gain or

loss" must be applied. The pertinent portion of that statute is as follows:

"(a)    Except as provided in subsection (c) of this section (not applicable), in ascertaining the gain or loss from the sale or other disposition of property;

(1)    For property acquired after January 1, 1921 and before July 1, 1963, the basis shall be the cost thereof; provided, however, that in the case of property which was included in the last preceding annual inventory used in determining net income in a return under this division, such inventory value shall be the basis in lieu of cost.

(2)    For property acquired before January 1, 1921, the basis for the purpose of ascertaining gain, shall be the fair market value of the property at January 1, 1921, or the cost of the property, whichever is greater; and the basis for determining loss, shall be the cost of the property in all cases, if such cost is known or determinable.

(3)    (Refers to property acquired on or after July 1, 1963, and is not pertinent to this appeal.)

The basis of property so determined under this subsection (a) shall be adjusted for capital additions or losses applicable to the property and for depreciation, amortization, and depletion, allowed or allowable."

**[2]**    The statute clearly provides that in ascertaining a loss from the sale *or other disposition of property,* the basis shall be the adjusted cost of the property.

Plaintiff earnestly contends that to apply G.S. 105-144 would result in a limitation on G.S. 105-147 and cites *Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505, where the Court stated: "In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. *Gould v. Gould,* 245 U.S. 151, 62 L. Ed. 211." There the Court was asked to interpret the statute levying an excise tax. The question involved here does not involve interpretation of a statute *levying* taxes. On the contrary, we are here dealing with a statute authorizing a *deduction.* A deduction is defined as "something that is or may be subtracted". An example is

given: "Business expenses are proper deductions from one's taxable income." Webster's Third New International Dictionary.

"The states may allow deductions in the computation of income for income tax purposes as they choose, and statutes imposing a tax on incomes ordinarily authorize the deduction from gross income of particular charges, expenses, or disbursements, in arriving at the income on which the tax is to be imposed." 85 C.J.S., Taxation § 1099, p. 771.

Deductions are in the nature of exemptions; they are privileges, not matters of right, and are allowed as a matter of legislative grace. A taxpayer claiming a deduction must bring himself within the statutory provisions authorizing the deduction. 85 C.J.S., Taxation § 1099.

[3]   In our view of the matter, G.S. 105-144 is applicable if the casualty loss sustained by plaintiff is an "other disposition of property" within the meaning of the statute. Is a casualty loss an "other disposition of property"? Again we are constrained to answer in the affirmative.

As early as 1931, the Federal Courts included a casualty loss within the meaning of "other disposition of property". In *Pioneer Cooperage Co. v. Commissioner of Internal Revenue*, 53 F. 2d 43, cert. den. 284 U.S. 686, 76 L. Ed. 579, timber owned by the plaintiff was destroyed by storm and the ravages of worms and insects. Section 234(a)(4) of the Revenue Act of 1918 allowed a deduction for "losses sustained during the taxable year and not compensated for by insurance or otherwise." Section 202(a)(1) of the Revenue Act of 1918 provided that for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property acquired before 1 March 1913, the fair market price or value of such property as of that date should be the basis. Plaintiff insisted that he should be allowed as a deduction the fair market value of the timber on 1 March 1913, which was $3.50 per thousand feet. The Board of Tax Appeals had allowed as a deduction the actual cost which was $1.13 per thousand. In construing the statutes, the Court noted that the United States Supreme Court in *U. S. v. Flannery*, 268 U.S. 98, 45 S. Ct. 420, 69 L. Ed. 865, among others, had held that the act allowed a deduction to the extent only that an actual loss was sustained from the investment, as measured by the difference between the purchase and sale prices of the property and that the effect of the statute was to limit the deductible loss to the value as of 1 March 1913, if it be less than actual cost. The Court went on to say that although the decisions discussed referred to sales of prop-

erty, "[t]he act includes not only sales, but other disposition of property. A loss of property, such as occurred in this case, is a disposition within the meaning of this act, although it is involuntary. The property is disposed of so far as its owner is concerned, and there is no reason, in the absence of a positive statute, in determining a loss why a different rule should be adopted than in the case of a voluntary sale. The purpose of the act is to allow the owner to deduct what he has actually lost in the transaction." See also *Ayer v. Blair,* 26 F. 2d 547, and *Long v. Com'r. of Revenue,* 96 F. 2d 270.

The Supreme Court of Oklahoma reached the same result in a case strikingly similar in its facts to the case before us. There the taxpayer had abandoned an oil and gas lease as a dry hole operation. Taxpayer contended that he was entitled to a deduction under section 9(d) of the Income Tax Law (art. 6, ch. 66, S.L. 1935) which provides that the taxpayer may deduct losses sustained in trade or business, or in any transactions entered into for profit though not connected with trade or business, the loss to be measured under section 12 of the Act providing for the determination of a loss from the sale or other disposition of property. The Court agreed that this was an "other disposition of property". The question presented by the appeal was whether since the loss was attributable wholly to business done in Kansas, it could be deducted from the gross income attributable to Oklahoma. The Court allowed the deduction. *In re Terminal Land Co.,* 191 Okla. 549, 131 P. 2d 743.

The principle applied is wholly in accord with the uniform interpretation and administration of the Federal Income Tax Law since the early years of its administration. Our statute is substantially similar to the Federal statute, § 165(c)(3) Internal Revenue Code, the only substantial difference being that this section now contains a reference to § 1011, Internal Revenue Code, providing that the basis for determining the loss shall be the adjusted cost basis as set out in § 1011. In *Helvering v. Owens,* 305 U.S. 468, 59 S. Ct. 260, 83 L. Ed. 292, the United States Supreme Court, in two cases involving casualty losses, held that a casualty loss is measured by the difference between fair market value before and after the loss, not exceeding the adjusted cost basis of the property.

[3] We find no case law in this jurisdiction dealing with the exact question. Indeed, there is a paucity of case law in other jurisdictions. We do find that since 1962, when the North Carolina Department of Revenue first began issuing tax bulletins for the use of taxpayers, the bulletins have annually reflected the practice of the Department in holding that a casualty loss is measured by the difference

between fair market value but not to exceed the cost basis of the property. We find also that at least four other states have statutes almost identical to G.S. 105-147 and G.S. 105-144 and their administrative interpretation is the same as in this jurisdiction. Alabama § 51-385 and § 51-378-379, Adm. Reg. 385.7; Arkansas § 84-2016(d) and § 84-2013-2014, Adm. Reg. 1.84-2016(d); Georgia § 92-3109(d) and § 92-3119, Adm. Reg. 92-3109(d)(1); Mississippi Code Annotated § 9228(5) and § 9232, Adm. Reg. 14, Article 112. See *Brandon v. State Revenue Commission*, 54 Ga. App. 62, 186 S.E. 872.

[4]   We are of the opinion that the rule here applied harmonizes with one of the fundamental principles undergirding the income tax law — that generally speaking, the income tax law is concerned only with *realized* losses, as with *realized* gains. *Lucas v. American Code Co.*, 280 U.S. 445, 50 S. Ct. 202, 74 L. Ed. 538; *Burnet v. Huff*, 288 U.S. 156, 53 S. Ct. 330, 77 L. Ed. 670.

[5, 6]   Taxpayer here has shown no cost basis whereby a *realized* loss can be measured. *Long v. Com'r. of Rev.*, 96 F. 2d 270. The burden of proof to establish a deductible loss and the amount of it was on the plaintiff. *Burnet v. Houston*, 283 U.S. 223, 51 S. Ct. 413, 75 L. Ed. 991.

Affirmed.

CAMPBELL and PARKER, JJ., concur.