Stiles M. HARPER and his wife, Virginia
L. Harper, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 12113.

United States Court of Appeals
Fourth Circuit.

Argued May 6, 1968.

Decided May 29, 1968.

Kirkman Finlay, Jr., Columbia, S. C.
(John C. Bruton, and Boyd, Bruton,

Knowlton & Tate, Columbia, S. C., on the brief), for appellants.

Robert J. Campbell, Atty., Department of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Stephen H. Paley, Attys., Department of Justice, Klyde Robinson, U. S. Atty., and Wistar D. Stuckey, Asst. U. S. Atty., on the brief), for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Taxpayers appeal from the judgment of the District Court denying their claim for a refund of taxes allegedly overpaid on their 1959 return. The claim involves a casualty loss deduction pursuant to Section 165 of the Internal Revenue Code of 1954 and is founded on random hurricane damage caused to appellants' five tracts of timberland. The facts are uncontested; only the amount of the deduction is in question.

Section 165 permits the taxpayer a deduction for all casualty losses, not to exceed his adjusted basis as provided in Section 1011. Although initially claiming that they were entitled to a deduction for the entire loss up to the combined adjusted basis for all five tracts, appellants later modified their claim to the loss sustained on each tract as limited by its adjusted basis. According to their computations, this entitled them to a deduction of $18,762. The Government, on the other hand, has maintained that the Code should be read to limit the amount of a casualty loss deduction for a partially damaged tract to the adjusted basis of the timber actually destroyed. To support its contention, the Government argues that the same unit of adjusted basis must be employed when ascertaining the allowable ceiling for casualty loss deductions as for determining the reportable profit or loss from a sale. In each case, the taxpayer is referred to Section 1011, the only section defining adjusted basis, and it is undisputed that had appellants sold the timber destroyed by the storm their profit or loss would have been

figured from the adjusted basis of the timber actually sold and not the adjusted basis for the entire tract. Significantly, as the Government points out, taxpayers have failed to show that the storm damage will in any way affect the marketability of the remaining trees. Thus, a deduction of only $11,841 was allowed.

For the reasons fully stated in the District Court's opinion, we sustain the Commissioner's position and affirm the District Court's judgment.[1]

Affirmed.