KENNEDY W. WARD v. I. L. CLAYTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA

No. 22

(Filed 11 March 1970)

**Taxation § 28— income tax — fire loss deduction — computation of loss**

Taxpayer's loss of timber by fire is an "other disposition of property" within the meaning of the statute providing a method for the ascertainment of gain or loss, and therefore the income tax deduction allowable under G.S. 105-147 for such casualty loss may not exceed the taxpayer's cost basis of the property so destroyed. G.S. 105-144.

MOORE, J., did not participate in the consideration or decision of this case.

ON *certiorari* to the Court of Appeals to review its decision reported in 5 N.C. App. 53, which affirmed a judgment in favor of defendant entered by *Cohoon, J.,* at September 30, 1968 Session of CRAVEN Superior Court, docketed and argued as No. 35 at Fall Term 1969.

Plaintiff-taxpayer paid under protest additional income taxes and interest assessed by defendant for the year 1963 and instituted this action to recover the amount so paid.

Upon waiver of jury trial, as then provided in G.S. 1-184 *et seq.,* Judge Cohoon set forth separately his findings of fact and conclusions of law and entered judgment.

The findings of fact and conclusions of law are accurately set forth in the statement of facts preceding the opinion of Morris, J., for the Court of Appeals.

Plaintiff's only assignment of error is stated as follows: "That the Court erred in signing and entering Judgment for the Defendant . . . with particular reference to paragraphs 3, 4, 5 and 6 of the conclusions of law."

This Court allowed *certiorari* upon plaintiff's application therefor.

*A. D. Ward for plaintiff appellant and plaintiff appellant in personam.*

*Attorney General Morgan and Assistant Attorney General Banks for defendant appellee Commissioner of Revenue.*

BOBBITT, C.J.

The sole question is whether, in computing the taxpaper's net income for 1963, the deduction allowable under G.S. 105-147 for a loss of property by fire is to be ascertained as provided in G.S. 105-144.

The statutory provisions applicable to the determination of the taxpayer's net income for 1963 are the following:

G.S. 105-144, in pertinent part, provides: "(a) . . . in ascertaining the gain or loss from the sale or other disposition of property: (1) For property acquired after January 1, 1921, and before July 1, 1963, the basis shall be *the cost* thereof; . . . ." (Our italics.)

G.S. 105-147, in pertinent part, provides: "In computing net income there shall be allowed as deductions the following items. . . . (9) Losses of such nature as designated below: a. . . . b. Losses of property not connected with a trade or business sustained in the income year if arising from fire, storm, shipwreck or other casualties or theft to the extent such losses are not compensated for by insurance or otherwise. . . ."

The taxpayer failed to show a cost basis for his loss, and frankly asserts the destroyed property (timber which grew after he purchased the land) was acquired without cost to him. He contends the words "other disposition" in G.S. 105-144 refer *solely* to an *intentional* disposition which results in a gain or a loss. He seeks to establish as a deductible loss the fair market price or value of the timber as of the date it was destroyed by fire.

The Commissioner contends the words "other disposition" refer to any disposition, intentional or involuntary (including a casualty loss), which results in a taxable gain or deductible loss. He contends the amount of the deductible loss allowable under G.S. 105-147 as the result of fire cannot exceed the cost to the taxpayer of the property so destroyed. In short, he contends the loss of the taxpayer's timber by fire consisted of an unrealized gain rather than an out-of-pocket loss.

Affirming the Court of Appeals, we hold that the method for as-

certaining the amount of a loss prescribed in G.S. 105-144 is applicable whenever property is disposed of by sale, casualty or otherwise, in such manner as to result in a taxable gain or a deductible loss.

The Revenue Act of 1923, Chapter 4, Public Laws of 1923 contains (Section 300 *et seq.*) the first comprehensive North Carolina Income Tax Statute.

Section 300 provided: "The words 'net income' mean the gross income of a taxpayer less the deductions allowed by this act." (Now G.S. 105-140 so provides.)

Section 303, in pertinent part, provided: "For the purpose of ascertaining the gain or loss from the sale *or other disposition* of property, real, personal or mixed, the basis shall be, in the case of property acquired before January first, one thousand nine hundred and twenty-one, the fair market price or the value of such property as of that date, and in all other cases, *the cost thereof:* . . ." (Our italics.)

Section 306, in pertinent part, provided: "In computing net incomes there shall be allowed as deductions: . . . . 6. Losses sustained during the taxable year of property used in trade or business· or of property not connected with trade or business, if arising from fire, storms, shipwrecks or other casualties or theft and if not compensated for by insurance or otherwise."

By the enactment of Section 4, Chapter 708, Session Laws of 1945, the General Assembly amended the Revenue Act of 1939 (Chapter 158 of the Public Laws of 1939) so as to substitute these words, which now appear in G.S. 105-147, "to the extent such losses are not compensated for by insurance or otherwise," for the words, "if not compensated for by insurance or otherwise." With this modification, the pertinent provisions of G.S. 105-144 and G.S. 105-147 are re-enactments of the provisions originally enacted as Sections 303 and 306 of the Revenue Act of 1923.

Having been enacted as portions of the Revenue Act of 1923, Sections 303 and 306 are to be considered as interrelated portions of a single complete statute. *State v. Barksdale*, 181 N.C. 621, 625, 107 S.E. 505, 507; *In re Hickerson*, 235 N.C. 716, 721, 71 S.E. 2d 129, 132; *Fishing Pier v. Carolina Beach*, 274 N.C. 362, 370, 163 S.E. 2d 363, 369. Section 306 (G.S. 105-147) enumerates the items, including casualty losses, which are deductible, but prescribes no method for ascertaining the amount of such casualty loss. Section 303 (G.S. 105-144) prescribes the method for ascertaining the amount of a loss resulting "from the sale or other disposition of property." Noth-

ing indicates the General Assembly intended a taxpayer's deductible loss by fire or other casualty to be treated differently from a loss resulting from a sale.

Prior to the enactment of the North Carolina Revenue Act of 1923, the federal income tax statutes had referred to gain or loss "from the sale or other disposition" of property.

The Revenue Act of 1916, 39 Stat. 756 *et seq.,* in Section 2(c), provided that the amount of "the gain derived from the sale or other disposition of property" acquired before March 1, 1913, was determinable on the basis of "the fair market price or value" of such property as of March 1, 1913. Section 5 provided that, in computing a citizen's net income, allowable deductions included the following: "Fourth. Losses actually sustained during the year, incurred in his business or trade, or arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise: *Provided,* That for the purpose of ascertaining the loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such loss sustained; . . . ."

The Revenue Act of 1918, 40 Stat. 1057 *et seq.,* in Section 202(a), provided that, as to property acquired before March 1, 1913, the gain derived or loss sustained "from the sale or other disposition" thereof was determinable on the basis of the fair market price or value of such property as of that date; but that, as to property acquired on or after March 1, 1913, the gain derived or loss sustained "from the sale or other disposition" thereof was determinable (with exceptions not material to the factual situation under consideration) on the basis of "the cost thereof." Section 214(a), in pertinent part, provided: "That in computing net income there shall be allowed as deductions: . . . . (6) Losses sustained during the taxable year of property not connected with the trade or business . . . if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated by insurance or otherwise; . . . ."

The Revenue Act of 1921, 42 Stat. 227 *et seq.,* in Section 202(a) provided that, as to property acquired after February 28, 1913, the gain derived or loss sustained "from a sale or other disposition of property" was determinable (with exceptions not material to the factual situation under consideration) on the basis of "the cost of such property." Subject to exceptions not material to the factual situation under consideration, Section 202(b) provided that the gain derived

or loss sustained "from a sale or other disposition of property" was determinable on the same basis, namely, "the cost of such property." Section 214(a), in pertinent part, provided: "That in computing net income there shall be allowed as deductions: . . . . (6) Losses sustained during the taxable year of property not connected with the trade or business . . . if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise . . . In case of losses arising from destruction of or damage to property where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913; . . . :"

Beginning with the Revenue Act of 1924, 43 Stat. 253 *et seq.*, Sections 202(a), 204(a), 204(b) and 214(a)(6), the section of the federal statutes which allows a deduction for a loss by casualty, *e.g.*, by fire, of property not connected with a trade or business, provides by cross-reference that the amount of such loss is determinable by the method prescribed in a designated separate section. This separate section provides that the amount of "the gain or loss from the sale or other disposition of property" is determinable on the basis of "the cost of such property." The federal statutory provisions now in effect are codified as 26 U.S.C.A. §§ 165, 1011 and 1012. *Harper v. United States*, 274 F. Supp. 809 (D.C. S.C. 1967), affirmed *Harper v. United States*, 396 F. 2d 223 (4 Cir. 1968).

*Hubinger v. Commissioner of Internal Revenue*, 36 F. 2d 724 (2 Cir. 1929), involved the determination of the Federal Income Tax for 1920 of a taxpayer who suffered a (partial) fire loss. The taxpayer's claim was rejected on the ground there had been "no proof of a loss" within the meaning of the Revenue Act of 1918. The decision treats a loss by fire as an "other disposition" of property within the meaning of Section 202(a) of the Revenue Act of 1918. The opinion of Circuit Judge Augustus N. Hand quoted and emphasized a Treasury Department Regulation issued pursuant to the Revenue Act of 1918 which contained the following provision: "When the loss is claimed through the destruction of property by fire, flood or other casualty, the amount deductible will be the difference between the cost of the property or its fair market value as of March 1, 1913, if acquired before that date, and the salvage value thereof, after deducting from such cost or such value as of March 1, 1913, the amount, if any, which has been or should have been set aside and deducted in the current year and previous years from the gross income on account of depreciation and which has not been paid out

in making good the depreciation sustained. But the loss should be reduced by the amount of any insurance or other compensation received. . . ." In accord with this Treasury Department Regulation, issued pursuant to and interpretative of the Revenue Act of 1918, the federal statutes, as indicated above, provide that the amount of a deductible loss from a casualty such as a fire is determinable on the basis of the reasonable market price or value of the property when such casualty occurs. but not in excess of the cost to the taxpayer of the destroyed property.

Plaintiff attempts to distinguish *Pioneer Cooperage Co. v. Commissioner of Int. Rev.*, 53 F. 2d 43 (8 Cir. 1931), cited and discussed in the opinion of the Court of Appeals, by calling attention to this statement in the opinion: "Petitioner (taxpayer) has abandoned in this court the theory that the value when destroyed should be adopted as the basis for determining its loss." The property having been acquired by the taxpayer prior to March 1, 1913, the Revenue Act of 1918 expressly provided that the fair market price or value of the property as of March 1, 1913, was the basis for ascertaining the gain derived or loss sustained "from the sale or other disposition" of such property. With reference to property acquired on or after March 1, 1913, "the cost thereof" was the basis for ascertaining the gain derived of loss sustained "from the sale or other disposition" of such property. The primary significance of *Pioneering Cooperage Co. v. Commissioner of Int. Rev., supra,* is the holding that, in a factual situation similar to that now under consideration, the method prescribed for ascertaining the loss sustained "from the sale or other disposition" of property applies to an involuntary disposition by casualty as well as to a voluntary disposition by sale.

Although it seemed appropriate to set forth the provisions of successive State and Federal income tax statutes, we deem it unnecessary to discuss further the questions involved in the taxpayer's appeal. Suffice to say, we approve the comprehensive opinion of Morris, J., for the Court of Appeals. The opinion is supported by the authorities cited and well and accurately disposes of the questions raised by the taxpayer's appeal. As stated therein, the income tax statutes deal with realized gains and realized losses. Having failed to show a cost basis for his loss, plaintiff's claim was properly denied.

Affirmed.

MOORE, J., did not participate in the consideration or decision of this case.