JENNIE L. MINGES v. MILES A. MINGES

No. 803DC1132

(Filed 18 August 1981)

1. **Divorce and Alimony § 24.2— child support—award greater than separation agreement provision**

   Evidence of a change in the circumstances and needs of the parties' children was sufficient to support the trial court's order directing defendant to make child support payments greater than those provided for in the parties' separation agreement.

2. **Divorce and Alimony § 27— child custody and support—attorney's fees**

   The fact that the parties agreed that plaintiff should have custody of their children did not remove the question of custody from the trial court's consideration, and the suit was therefore one involving issues of child custody and support so that an award of attorney fees to plaintiff's counsel was proper.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 3 July 1980 in District Court, CRAVEN County. Heard in the Court of Appeals 8 May 1981.

Plaintiff brought this action on 19 April 1979 for custody of the minor children of the parties, child support and counsel fees. Defendant answered, denying the principal allegations of plaintiff's complaint, and pleading a separation agreement entered into by the parties on 20 May 1977 in defense of plaintiff's claim for child support.

After hearing the evidence of both parties, the court entered an order awarding plaintiff custody and ordering defendant to pay an amount of child support greater than that required by the separation agreement and also counsel fees to plaintiff's attorney. Defendant appealed.

*Beaman, Kellum, Mills, Kafer & Stallings by Charles William Kafer and J. Randal Hunter, for the plaintiff-appellee.*

*Ward and Smith, by Michael P. Fanagan, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant contends there was insufficient evidence of a change in the children's circumstances and needs to support the order directing him to make child support payments greater than provided in the separation agreement.

The terms of a separation agreement providing for payments by a parent for the support of his or her children are not binding on a court. *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964). In *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963), the Supreme Court held that in the absence of evidence to the contrary, there is a presumption that the amount mutually agreed upon in a separation agreement is just and reasonable and that a trial judge may not order an increase in the absence of any evidence of a change in conditions. Plaintiff's burden, when requesting an order increasing the amount of child support agreed upon by the parties in a separation agreement, is to show the amount reasonably required for the support of the children at the time of the hearing. *Williams v. Williams, supra.* In determining this amount, the trial court must consider the relative abilities of

Minges v. Minges

the parties to provide support for the children and "the reasonable needs of the child[ren] for health, education and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child[ren] and the parties, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(b) and (c). The amount of support for the children ordered is in the discretion of the trial court and will not be disturbed absent manifest abuse of discretion. *Williams v. Williams, supra.*

Defendant concedes in his brief that he is financially able to pay the amount of child support ordered. The record clearly supports this concession by defendant. Defendant, however, argues the trial court improperly determined the reasonable needs of the children by accepting and incorporating into its order the plaintiff's financial affidavits which included a two-thirds/one-third allocation of many expenses and by failing to require the plaintiff to show the reasonable needs of the children with "specificity." We disagree.

The trial court made detailed findings as to the needs of the children and as to the relative abilities of the parties to provide for those needs. Although the trial court included plaintiff's financial affidavits in its order, it found, after hearing the evidence, that the expenditures listed by plaintiff were reasonable, with certain exceptions, and adjusted the figures accordingly. This is precisely what the Supreme Court stated a trial court should do in *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980).

The trial court also found sufficient change in circumstances to justify increasing the amount of child support required under the separation agreement after carefully and in great detail comparing the expenditures required for support of the children in 1977 with those required in the year preceding the hearing.

We find that the trial court's findings are fully supported by evidence presented. In turn, the court's factual findings support its conclusions and its order directing defendant to pay increased child support payments.

[2] Defendant also assigns as error the order of the court requiring him to pay attorney fees to plaintiff's counsel. In particular, defendant argues the trial court erred by finding that the suit involved issues of child custody and child support. We disagree.

---

---

Plaintiff's complaint requested both an award of custody and of child support. In his answer, defendant denied plaintiff's allegation that she was a fit, suitable and proper person to have the care, custody and control of the minor children and that it was in the best interests of the children that plaintiff have custody. At the hearing, the parties stipulated that plaintiff was fit to have custody and that it was in the best interests of the children for plaintiff to have custody. For this reason, defendant contends custody was not in issue.

Although plaintiff and defendant agreed plaintiff should have custody, this was a matter for the court to decide. The initiation of the action for the custody of the children placed the issue of custody of the children with the court. *Walker v. Walker*, 38 N.C. App. 226, 247 S.E. 2d 615 (1978). The trial court's findings of fact, which are supported by the evidence, comply with the requirements for an award of attorney fees in a child custody and support suit as stated by the Supreme Court in *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). The trial court did not err by awarding plaintiff counsel fees.

Defendant's remaining assignments of error are without merit and are overruled.

Judge Phillips' order was based on sufficient evidence and he made proper findings and conclusions on the pertinent issues. Under such circumstances, the trial court's order should not be disturbed on appeal.

The order of the trial court is

Affirmed.

Judges CLARK and WELLS concur.