320 S.E.2d 921 (1984)
David A. SLOOP and wife, Sally Clark Sloop
v.
Charles A. FRIBERG.
No. 8315DC1014.
Court of Appeals of North Carolina.
October 16, 1984.
*923 Nichols, Caffrey, Hill, Evans & Murrelle by William W. Jordan, Fred T. Hamlet, and Richard J. Votta, Greensboro, for respondent-appellant.
Vernon, Vernon, Wooten, Brown & Andrews, P.A. by Wiley P. Wooten and T. Randall Sandifer, Burlington, for petitioner-appellees.
JOHNSON, Judge.

I
Friberg first challenges the district court's exercise, beginning in 1980, of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act ("the Act"), G.S. 50A-1 et seq. (Cum.Supp. 2A 1983). It is true that the question of subject matter jurisdiction may be raised at any point in the proceeding, and that such jurisdiction cannot be conferred by waiver, estoppel or consent. G.S. 1A-1, Rule 12(h)(3); In re Custody of Sauls, 270 N.C. 180, 154 S.E.2d 327 (1967). However, the district courts of this State do undoubtedly possess general subject matter jurisdiction over child custody disputes. G.S. 7A-244. Such matters are in no wise reserved by the Constitution or laws of North Carolina to the exclusive consideration of another tribunal. Id.; see Henderson County v. Smyth, 216 N.C. 421, 422, 5 S.E.2d 136, 137 (1939). The real question under the Act is whether such jurisdiction is properly exercised according to the statutory requirements in this particular case. See G.S. 50A-3; Jerson v. Jerson, 68 N.C.App. 738, 315 S.E.2d 522 (1984); Bryan v. Bryan, 66 N.C.App. 461, 311 S.E.2d 313 (1984). The court's 1980 findings relative to the jurisdictional prerequisites of the Act, see G.S. 50A-3, appear sufficient on their face to justify exercising jurisdiction. Friberg does not, on this appeal, point to any substantive deficiencies therein. He chose to withdraw his appeal in 1980 and to acquiesce in the judgment for several years. Accordingly, we hold that he has failed to preserve his objection and the assignment is without merit.
Language in the earlier cases supports this holding. An absolute want of subject matter jurisdiction might constitute a fatal deficiency, but consent to judgment and acquiescence thereto over a period of years was held grounds to deny a subsequent motion attacking it. Pulley v. Pulley, 255 N.C. 423, 429, 121 S.E.2d 876, 880 (1961). See also Branch v. Houston, 44 N.C. *924 (Busb.Eq.) 85 (1852) ("total want" of jurisdiction); 21 C.J.S. Courts § 110 (1940). Similarly, where the Constitution expressly and exclusively vested power to levy taxes in the legislature, acts of the superior court purporting to list and assess property constituted "an act of usurpation." Henderson County v. Smyth, supra, 216 N.C. at 423, 5 S.E.2d at 138. On this record the District Court of Alamance County did not usurp any other body's power, nor did it totally lack jurisdiction. No timely objection having been made, the assignment is overruled.

II

A
Prior to hearing on the support issues, the parties stipulated that they were willing to allow the court to enter final judgment on the custody and visitation issues in accordance with the wishes of the three children. Friberg now raises various assignments of error to the result, which following the express desires of the children, continued permanent custody with the Sloops and restricted visitation to North Carolina. The stipulation is binding, however, and these assignments are without merit. Courts look with favor on stipulations designed to simplify litigation. Heating Co. v. Construction Co., 268 N.C. 23, 32, 149 S.E.2d 625, 631 (1966). Nothing suggests that the Sloops concealed anything from Friberg or otherwise misled him. See R.R. Co. v. Horton, 3 N.C.App. 383, 387, 165 S.E.2d 6, 8 (1968). No motion to set aside the stipulation appears. Id. at 389, 165 S.E.2d at 10. Therefore, Friberg cannot now complain of the result, which simply continued the status quo, following the clearly expressed wishes of the children. Id. (affirming order based on stipulation to abide by result of parallel case).

B
One portion of the order, not covered by the stipulation, does however deserve further attention. The court ordered that visitation in North Carolina occur at times and places agreeable to, and under such terms and conditions as set by, the Sloops. This Court has consistently held that G.S. 50-13.5(i) requires specific findings of fact to justify such restrictions. Johnson v. Johnson, 45 N.C.App. 644, 647, 263 S.E.2d 822, 824 (1980) (no evidence of abuse, abduction or hostility; error to require presence of custodial parent); King v. Demo, 40 N.C.App. 661, 666-68, 253 S.E.2d 616, 620-21 (1979) (error to deny visitation where court found parent fit and no other findings); In re Custody of Stancil, 10 N.C.App. 545, 551-52, 179 S.E.2d 844, 849 (1971) (error to allow custodian to determine times, places, and conditions). This portion of the order therefore is improper and must be remanded for further proceedings. We note that the limitation of visitation to North Carolina complies with the wishes of the children and does not itself constitute an improper restriction requiring remand. See Johnson v. Johnson, supra, (similar limitation approved). The question on remand should accordingly be only the scope of visitation in North Carolina, unless changed circumstances warrant some other arrangement.

III
Finally, Friberg challenges the sufficiency of the findings of fact to support the monetary awards to the Sloops. We turn for guidance in considering these assignments to the recent and authoritative opinion of Justice Carlton in Quick v. Quick, 305 N.C. 446, 290 S.E.2d 653 (1982). Although Quick dealt only with alimony, it applies equally to child support cases. Id. at 458, 290 S.E.2d at 661. See G.S. 50-13.4(c) (child support); G.S. 50-16.5(a) (alimony) (nearly identical provisions). Quick has not since been modified by the Supreme Court or the General Assembly.
In considering the sufficiency of the evidence and findings to support an award of child support, we start with the settled rule that once an award is found to be justified, the amount lies within the trial court's discretion and will not be disturbed absent manifest abuse. Quick, supra, at *925 453, 290 S.E.2d at 658; see Minges v. Minges, 53 N.C.App. 507, 281 S.E.2d 88 (1981) (same rule for child support). Since review of that discretion may only be by appeal, the trial court must apply and consider the statutory factors and those required by the case law, in order to provide the appellate courts with a proper record for review. Quick, supra, 305 N.C., at 453-54, 290 S.E.2d at 658-59. This means that the trial court must make specific findings on each of the factors specified in G.S. 50-13.4(c). See Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980). In addition, the case law may require certain findings, as when the award is based on earning capacity rather than present income. See Beall v. Beall, 290 N.C. 669, 674, 228 S.E.2d 407, 410 (1976). It is not enough that the record contain evidence from which such findings might be made, but the trial court itself must determine the credibility of the evidence and what it establishes. Quick, supra, 305 N.C., at 454, 290 S.E.2d at 659. Once the trial court has made such findings, they are conclusive if supported by any evidence, even if there is evidence contra. Cox v. Cox, 33 N.C.App. 73, 234 S.E.2d 189 (1977). Applying the foregoing principles, we find that the order appealed from does not measure up to the requirements of the law, and must accordingly remand.

A
Despite extensive evidence on the subject, the trial court made no findings as to the total value of either Friberg's or the Sloops' "estate." Such a finding is required. G.S. 50-13.4(c); Quick, supra, 305 N.C. at 455, 290 S.E.2d at 659-60.

B
The trial court also failed to make any findings regarding the "accustomed standard of living of the [children] and the parties." Such findings are also required. G.S. 50-13.4(c); Quick, supra, at 456, 290 S.E.2d at 660. See also Williams v. Williams, 299 N.C. 174, 181, 261 S.E.2d 849, 855 (1980) (defining purpose of "accustomed standard").

C
The trial court considered the earnings of both Friberg and the Sloops in its order. It did not consider as income the value, rental or otherwise, of the Sloops' home, a parsonage supplied by David Sloop's church. We are aware that such rental value is specifically excluded from income for income tax purposes. G.S. 105-141(b)(6); 26 U.S.C. § 107. However, such an exemption constitutes a matter of limited legislative grace relative to income taxation. Ward v. Clayton, Com'r of Revenue, 5 N.C.App. 53, 58, 167 S.E.2d 808, 811 (1969), aff'd., 276 N.C. 411, 172 S.E.2d 531 (1970); see C.I.R. v. Jacobson, 336 U.S. 28, 69 S.Ct. 358, 93 L.Ed. 477 (1949) (exemptions should be construed with restraint in light of policy to tax income comprehensively) and G.S. 105-134. No authority suggests that this limited act of legislative grace should extend to exclude an item of such obvious value and importance from the wide-ranging consideration of family financial standing mandated by G.S. 50-13.4. The court therefore should consider this evidence in its findings on remand.

D
The trial court did not make any finding or conclusion as to the reasonable needs of the children for health, education, and maintenance, although it did hear testimony and receive considerable documentary evidence from the Sloops regarding their actual expenditures. Our Supreme Court has expressly held that such a failing does not necessarily constitute error, since the reviewing court may presume that the balance sheets have been reviewed and found reasonable. Coble v. Coble, supra, 300 N.C., at 714, 268 S.E.2d at 190. The court will have an opportunity to align the order with recommended practice on remand in any event.

*926 E
Friberg excepts to the court's award, in addition to an unexcepted award of some $2,000 in attorneys' fees, of $73.20 in staff time; he relies on Williams v. Williams, 42 N.C.App. 163, 256 S.E.2d 401 (1979), aff'd. in relevant part, 299 N.C. 174, 261 S.E.2d 849 (1980). De minimis considerations aside, Williams clearly dealt with an award of litigation expenses to a party, not for staff support of counsel. Attorneys do not work in a vacuum, and staff support and other expenses are an inevitable part of practicing law. It would exalt form over substance to deny this award when many attorneys simply figure staff time into a single hourly rate. For purposes of uniformity of review, such practice of setting a single hourly rate may be preferable, but it is not required. The award lay within the court's discretion and we perceive no abuse.

F
Friberg next points to the dollar amounts testified to at trial and the amounts reflected in the court's order, complaining of error and unfair bias. The trial court heard two stories in this case: Friberg's evidence showed good faith and a generous willingness to support and care for his children; the Sloops' evidence showed a pattern of grandiose but unfulfilled promises of support. The trial judge, doing his lawful duty, decided which story was worthy of belief and ruled accordingly. This Court, without the witnesses in front of it, should not reverse his determination as to credibility, nor will we "keep score" as to how many times he believed one side or the other.
The fact that there are some inconsistencies between the actual dollar amounts testified to and those in the order does not in and of itself constitute error. None of the cited inconsistencies appears to be more than de minimis. Assuming error, arguendo, Friberg still must show that the effect amounted to the denial of a substantial right. G.S. 1A-1, Rule 61; Responsible Citizens v. City of Asheville, 308 N.C. 255, 302 S.E.2d 204 (1983). Considering the discretionary nature of the award, and the amounts awarded, we conclude from the present record that he has failed to make such a showing.

G
The three children each have substantial trust accounts arising from a wrongful death suit on behalf of their mother's estate. The court did not consider these in its order. It did not, as Friberg now contends, commit error. Application of the separate property of minors need only be resorted to "if appropriate." G.S. 50-13.4(b). We find nothing in the statute to suggest any legislative intent to change the firmly established rule that the supporting parent who can do so remains obligated to support his or her minor children, even though they may have property of their own. Lee v. Coffield, 245 N.C. 570, 96 S.E.2d 726 (1957); See 3 R. Lee, N.C. Family Law, § 229 at 118-19 (4th ed. 1981). This assignment therefore is without merit, since the court rejected Friberg's evidence of total inability to pay.

IV
Friberg also contends that the trial judge decided the case before hearing all the evidence, relying on alleged comments by Judge Harris. The Sloops argue that these comments are not in the record and thus cannot be reviewed. Friberg has earlier petitioned this Court for a writ of certiorari to have the contested statements included in the record. That petition was denied on 10 October 1983 by Judges Hedrick, Braswell and Johnson. This succeeding panel may not review or reverse that decision. N.C.N.B. v. Virginia Carolina Builders, 307 N.C. 563, 299 S.E.2d 629, reh'g denied, 307 N.C. 703 (1983). Review in the Court of Appeals is on the record, and the Court may not consider extraneous matter not properly presented. App.R. 9(a); see State v. Hedrick, 289 N.C. 232, 221 S.E.2d 350 (1976). This claim has been ruled on once and the assignment therefore is not before us and must be overruled.

*927 V
Having found error, we now must decide the proper disposition of the case. The findings on support, while erroneous, are not so "woefully inadequate" to require a new trial on all issues. See Quick, supra, 305 N.C. at 458-59, 290 S.E.2d at 661-62. Rather, we simply vacate the erroneous portions and remand for such further proceedings as may be necessary to correct the errors discussed above. See Campbell v. Campbell, 63 N.C.App. 113, 304 S.E.2d 262, disc. review denied, 309 N.C. 460, 307 S.E.2d 362 (1983). The remaining portions of the order are affirmed. Id.
Affirmed in part; vacated and remanded in part.
WEBB and PHILLIPS, JJ., concur.