NANCY CLINE PRESCOTT v. JOSIAH THOMAS PRESCOTT, JR.

No. 8626DC526

(Filed 18 November 1986)

1. **Rules of Civil Procedure § 60— motion to set aside consent order—objection to jurisdiction—timeliness**

   The trial court properly dismissed plaintiff's motion made pursuant to N.C.G.S. § 1A-1, Rule 60(b) to set aside a 24 February 1981 consent order where the order itself provided that the court had jurisdiction over all matters; plaintiff signed the order; the time period plaintiff allowed to elapse before objecting to the jurisdictional findings in the order was not reasonable; because of plaintiff's consent and acquiescence for nearly 32 months to the consent order, plaintiff failed to preserve her objection; and the trial court specifically found that plaintiff's testimony was not credible with respect to consent or lack thereof to the order she sought to have set aside.

**2. Divorce and Alimony § 27— child support—no award of attorney fees**

The trial court in a proceeding for child support did not err in denying plaintiff's motion for an award of attorney fees since N.C.G.S. § 50-13.6 provides that, before ordering payment of a fee in a support action, the court must find as fact that the party ordered to furnish support has refused to provide adequate support, but the court made no such finding in this case, and the record revealed that defendant complied with all orders which directed him to make child support payments and, when necessary, voluntarily made payments for the support of the parties' children though he was not obligated to do so pursuant to the consent order in question.

**3. Divorce and Alimony § 24.5— child support—modification of prior order**

Findings of fact and conclusions of law were sufficient to support the trial court's award of $422 per month per child, though the award was a modification of a 1981 order wherein plaintiff was given a lump sum award, and failure of the court to make an award of child support on an ongoing basis would unjustifiably and adversely affect the children and their well-being.

APPEAL by plaintiff from *Matus, Judge.* Judgment entered 31 July 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 21 October 1986.

On 15 March 1961, plaintiff, Nancy Cline Prescott, and defendant, Josiah Thomas Prescott, Jr., were duly married to each other. Two children were born of the marriage: Josiah Thomas Prescott, III, born 5 May 1969, and David Blair Prescott, born 2 October 1971.

In the month of November, 1977 defendant informed plaintiff of his desire for a separation and proceeded to move out of the marital residence. On 14 April 1978, plaintiff filed her complaint alleging abandonment and seeking, *inter alia,* temporary and permanent alimony, custody of the parties' two minor children, temporary and permanent child support, sequestration of the marital residence along with all of the furnishings therein, and attorney's fees. On 28 August 1978, the court granted all of plaintiff's requests and granted defendant visitation privileges with the minor children. This 28 August 1978 order sequestered the former marital residence for plaintiff and the minor children's use, subject to her assumption of payments due the mortgagor and sequestered a 1975 station wagon automobile for plaintiff's use, subject to her paying the indebtedness owed on said automobile. The parties were granted an absolute divorce in 1979.

There have been numerous orders and motions filed in this case because of plaintiff's wilful, deliberate, and contemptuous refusal to abide by orders of the court to continue with her mental health treatment, to allow defendant to exercise his visitation privileges with the children, and to make mortgage and automobile payments. One such contempt order was entered 20 August 1979, in which plaintiff was given a thirty (30) day suspended sentence. On 24 July 1980, plaintiff was again adjudged in contempt of court and the court activated the thirty (30) day sentence imposed on 20 August 1979. In the 24 July 1980 contempt order the court also ordered that the custody order of 28 August 1978 remain in effect. Both parties gave notice of appeal to this Court.

While the parties' appeals were pending with this Court, defendant, in February 1981, pursuant to G.S. 7A-289.24(1), petitioned the District Court of Mecklenburg County to have plaintiff's parental rights terminated. When the petition came on for hearing 24 February 1981, the parties waived a hearing and entered into a consent order whereby the parties agreed: (1) the parties would withdraw their respective appeals pending with this Court; (2) plaintiff would have exclusive custody of the minor children and defendant's visitation rights would be terminated; (3) defendant would convey, to plaintiff in trust for the minor children as a lump sum award of child support, his one-half equity in the marital residence which one-half is estimated to be between twenty-five and thirty thousand dollars; and (4) the consent order would be entered in all pending files including 78CVD2731.

On 31 August 1983, defendant filed a motion for change of custody (78CVD2731), alleging, *inter alia*, a substantial change of circumstances, to wit: plaintiff had incurred financial difficulties threatening a foreclosure of the former marital home; that the threatened foreclosure has forced plaintiff to take a second job requiring plaintiff to leave the minor children unattended for extended periods of time; that these changes ultimately led plaintiff to abandon the children by transferring their care, custody and control to the paternal grandparents. On 13 October 1983, plaintiff filed a motion to dismiss for failure to state a claim upon which relief may be granted, an answer, a counterclaim, and a motion to set aside the consent order of 24 February 1981. In her answer, plaintiff denied all pertinent allegations of abandonment

asserted in defendant's petition. The stated basis for plaintiff's motion to set aside the consent order was that it was void and "beyond the power of the parties and the court." Plaintiff also moved the court to restore defendant's visitation rights and to modify the lump sum award of child support due to changed circumstances.

On 19 January 1984, defendant filed a reply to plaintiff's motion and counterclaim. Defendant's reply alleged that on 12 October 1983, the parties were represented at a hearing on defendant's 31 August 1983 motion for change of custody; that at the conclusion of the conference, with the consent of the judge, defendant agreed to cooperate with plaintiff in reaching a settlement of the parties' dispute.

On 26 February 1985, defendant, pursuant to G.S. 50-13.2, filed a motion for joint custody of the parties' minor children. On 21 March 1985, the court ordered that defendant pay temporary child support payments. On 8 May 1985, plaintiff, with leave of the court, amended her pleading filed 13 October 1983. The court treated plaintiff's amended pleading as a response to defendant's 26 February 1985 motion for joint custody. Plaintiff amended her pleading to request that the court set aside the 24 February 1981 consent order "upon the separate grounds of lack of jurisdiction, duress, estoppel or breach." On 26 June 1985, defendant filed a reply to plaintiff's amendment generally denying plaintiff's allegations and requested the court to dismiss plaintiff's prayers for relief because (1) they were not asserted in an independent action, and (2) plaintiff's motion was not made within a reasonable time pursuant to Rule 60(b), N.C. Rules Civ. P.

Finally, on 31 July 1985, the court (1) denied plaintiff's motion to set aside the 24 February 1981 consent order, (2) found a substantial change of circumstances since the filing of the 24 February 1981 consent order to justify a modification of the terms of said order dealing with child support and visitation, and (3) denied plaintiff's motion for an award of attorney's fees. Plaintiff appeals.

*Hamel, Helms, Cannon, Hamel & Pearce, P.A., by Thomas R. Cannon and A. Elizabeth Green, for plaintiff appellant.*

*A. Marshall Basinger, II, for defendant appellee.*

JOHNSON, Judge.

[1]   Plaintiff's primary argument is that the trial court committed reversible error in denying her motion, pursuant to Rule 60(b), N.C. Rules Civ. P., to set aside the 24 February 1981 consent order which was undersigned by Judge Larry Thomas Black. There are two contentions made by plaintiff in support of her argument: (1) the final orders embraced matters that were the subject of an appeal plaintiff had pending with this Court, and (2) the trial court lacked subject matter jurisdiction to enter the order.

The pertinent provisos of Rule 60(b), N.C. Rules Civ. P. are as follows:

> (b) Mistakes, inadvertence, excusable neglect; newly discovered evidence; fraud, etc. — On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) The judgment is void;
>
> . . . .
>
> The motion shall be made within a reasonable time. . . .

Rule 60(b), N.C. Rules Civ. P. What constitutes a reasonable time depends upon the circumstances of the individual case. *Nickels v. Nickels*, 51 N.C. App. 690, 692, 277 S.E. 2d 577, 578, *disc. rev. denied*, 303 N.C. 545, 281 S.E. 2d 392 (1981) (23 months after a consent judgment was entered was an unreasonable time to wait to move the court to set aside the judgment). Our review of plaintiff's first argument is limited to determining whether the trial court abused its discretion. *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E. 2d 220 (1976). It is the duty of the trial court to make findings of fact, *Hoglen v. James*, 38 N.C. App. 728, 248 S.E. 2d 901 (1978), and they are conclusive on appeal if supported by any competent evidence, *Doxol Gas of Angier, Inc. v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Bearing these principles in mind, we begin our discussion of the trial court's order in the case *sub judice* denying plaintiff's Rule 60(b) motion.

In the case *sub judice* the trial court made specific findings of fact as follows:

3. Lastly, the plaintiff contends that the said 'Final Order' of February 24, 1984 [sic] is void for lack of the plaintiff's voluntary consent thereto, and asks that the Order be set aside pursuant to N.C.G.S. 1A-1, Rule 60(b)(4), and the Court finds that the plaintiff has failed to raise this issue within a reasonable time as required by that rule, and in support thereof, the Court makes the following specific findings:

(a) Pursuant to the plaintiff's testimony, she was made aware that there may be 'problems' with that order at the time that she signed it and she at that time discussed with her then attorney the prospects of later challenging the Order;

(b) Also pursuant to her testimony, the plaintiff understood the Order and there is, therefore, no excuse for her delay in challenging it based on her lack of understanding;

(c) During this period between the entry of said Order and the filing of her motion, as amended, the plaintiff was employed on and off, and although she was receiving no child support she had the equity in the once marital home that she could, and in fact did, liquidate in 1983, and in addition, she has relied during the course of these proceedings on her parents for support and funding of counsel fees. Thus, the Court finds from any one or more of these sources the plaintiff had the funds with which to raise this issue prior to the motion she filed in 1983 and amended in 1985;

(d) When the plaintiff first filed her motion in 1983, the same was based upon the theory that the Court could not enter such an order, and in fact, the issue of the plaitniff's [sic] lack of consent thereto based upon coercion and duress never surfaced as an issue for the Court until her amendment filed May 8, 1985, over four years following the entry of said 'Final Order';

(e) During the hearing to determine whether or not the Court should entertain the plaintiff's motion and as to whether it was timely filed, the plaintiff testified as to the alleged circumstances surrounding her signing the said 'Final Order,' and the Court finds that her testimony in this regard is total-

ly incredible and thus, affected her credibility on the issue of whether she had timely raised this issue.

There is substantial competent evidence in the record on appeal to support the trial court's findings of fact. Relying upon *Nichols, supra,* the trial court concluded, as a matter of law, the following:

> The plaintiff's motion under Rule 60(b)(4) to set aside the 1981 'Final Order' on the grounds that it is void because of plaintiff's lack of voluntary consent thereto was not raised within a reasonable time under the circumstances of this case based upon the evidence presented and received by the Court in this case, the first such motion being thirty-two months after the entry of the Order, and the amendment to that motion wherein this issue is effectively raised being some fifty-one months after the entry of the 'Final Order.' *Nichols v. Nichols,* 51 N.C. App. 690 (1981).

We cannot say that the trial court abused its discretion in refusing to set aside a consent order that plaintiff had signed over four years ago. The court's conclusion is supported by the findings made and the findings made are supported by the testimony and prior order entered during prior proceedings which were referred to by the parties as a "war."

Plaintiff argues that a party may challenge lack of subject matter jurisdiction at any time during the proceedings. Plaintiff, in her brief, mistakenly cites *Sloop v. Fribery,* 70 N.C. App. 690, 320 S.E. 2d 921 (1984), for the proposition that "[T]he question of subject matter jurisdiction cannot be conferred by waiver, estoppel, or consent." Our interpretation of this Court's holding in *Sloop, supra,* is contrary to plaintiff's interpretation. In *Sloop, supra,* we held that respondent failed to preserve his objection to the trial court's subject matter jurisdiction because of his consent and acquiescence for several years to the judgment. *Sloop, supra,* at 693, 320 S.E. 2d at 923. In support of our holding, we stated: "Language in the earlier cases supports this holding. An *absolute want* of subject matter jurisdiction might constitute a fatal deficiency, but consent to judgment and acquiescence thereto over a period of years was held grounds to deny a subsequent motion attacking it." *Id.* (emphasis in original) (citing *Pulley v. Pulley,* 255 N.C. 423, 429, 121 S.E. 2d 876, 880 (1961); *Branch v. Houston,* 44

N.C. (Bush Eq.) 85 (1852) ("total want" of jurisdiction); 21 C.J.S. Courts sec. 110 (1940) ).

Within the order that plaintiff seeks to have set aside, the trial court found as fact, *inter alia*, the following:

> THIS CAUSE coming on to be heard before the undersigned Larry Thomas Black *presiding over the District Court* of Mecklenburg County and it appearing to the Court that this is an action instituted by the Petitioner Josiah Thomas Prescott, Jr., father, against Nancy C. Prescott, mother for the termination of parental rights of David Blair Prescott, Josiah Thomas, III pursuant to G.S. 70A-289 (2.2) (sic); and it further appearing to the Court that when the matter was called for hearing the Petitioner [plaintiff herein] was represented by H. Edward Knox and the Respondent [defendant herein] was represented by Larry L. Eubanks. The parties have advised the Court that all matters and things in controversy arising from this Petition as well as all matters in controversy arising from and pending in Docket No. 78-CVD-2731 (or any other applicable files pending in Mecklenburg county) have been settled and compromised to the end that a Final Order may be entered. The parties, as evidenced by their signatures hereon, have stipulated and authorized the court to make the following findings of fact:
>
> 1. *The Court has jurisdiction in this action and has been authorized to assume jurisdiction over all matters pending in 78-CVD-2731 and the Court may enter an Order in this cause which may be treated as a Final order in 78-CVD-2731 and a true copy shall be filed in the other action and treated as a Final Order.*

(Emphasis supplied.) Plaintiff's signature appears at the end of this order, which was filed 24 February 1981. There does not appear to be an absolute want of subject matter jurisdiction. We hold that the time period plaintiff has allowed to elapse before objecting to the jurisdictional findings set forth hereinabove is not reasonable. The trial court's order dismissing plaintiff's Rule 60(b), N.C. Rules Civ. P., motion was proper. We further hold that because of plaintiff's consent and acquiescence for nearly thirty-two (32) months to the consent order, plaintiff failed to preserve her objection. *Sloop, supra.* The trial court specifically found as

fact that plaintiff's testimony was not credible with respect to consent or lack thereof to the order she seeks to have set aside. After carefully reviewing the record on appeal and finding that plaintiff executed a trust agreement pursuant to the consent order, we conclude that there is substantial competent evidence to support the trial court's findings.

[2] Plaintiff next argues that the trial court erred in denying her motion for an award of attorney's fees. We disagree.

The statutory basis for an award of attorney's fees in an action for custody or support is stated in G.S. 50-13.6, as follows:

> In an action or proceeding for custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court *may in its discretion* order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expenses of the suit. Before ordering payment of a fee in a support action, *the court must find as fact* that the party ordered to furnish support has refused to provide support which is adequate under the circumstances then existing at the time of the institution of the action or proceeding.

G.S. 50-13.6 (emphasis supplied). In the case *sub judice*, the trial court did not find as fact that defendant had failed to supply adequate child support. The record on appeal reveals that defendant complied with all orders that directed him to make child support payments and when necessary defendant voluntarily made payments for the support of the parties' children even though he was not obligated to make such payments under the 1981 consent order. We hold that the court's findings were supported by competent evidence and further hold that it was not an abuse of discretion for the trial court to deny plaintiff's motion for an award of attorney's fees.

[3] Plaintiff's final argument is that the order of 31 July 1985 should be vacated because the trial court made insufficient findings of fact and conclusions of law. After extensively reviewing the record on appeal, we deem plaintiff's argument to be without merit. Significantly, plaintiff does not argue the insufficiency of the $422.00 per month, per child, payments defendant was or-

dered to pay. We note that the court's order to defendant that he pay $422.00 per month, per child, is a modification of the 1981 order wherein plaintiff was given a lump sum award. The terms of the agreed upon lump sum award required defendant to convey his equity (each party had $25,000.00 to $30,000.00 in equity) in the former marital residence to plaintiff in trust for the parties' children. As the court found as fact, to a large extent plaintiff expended the proceeds from the sale of the marital home on attorney's fees. Thus, as the trial court noted, even though the dissipation of the lump sum award was in no way the fault of defendant, the 1981 order must be modified to award child support "on an ongoing basis since for the court to do otherwise would unjustifiably and adversely affect the minor children and their well being." We hold that the trial court did not abuse its discretion; that the court's order has a rational basis therein; and that further proceedings would require an additional expenditure of funds and energy by the parties which should rather be directed toward the best interests of their children.

Affirmed.

Judges WEBB and PHILLIPS concur.