BELLSOUTH TELECOMMUNICATIONS v. N.C. DEPT. OF REVENUE

[126 N.C. App. 409 (1997)]

BELLSOUTH TELECOMMUNICATIONS, INC., D/B/A SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, PETITIONER v. NORTH CAROLINA DEPARTMENT OF REVENUE, RESPONDENT

No. COA96-558

(Filed 3 June 1997)

### 1. Taxation § 118 (NCI4th)— merger of corporation and subsidiary—deduction of subsidiary's pre-merger losses—FCC ruling irrelevant

An FCC ruling requiring that a separate subsidiary be created if Southern Bell wished to continue selling or leasing customer premises telephone equipment was an incident of trade and a circumstance which has no bearing on whether Southern Bell qualified for a tax deduction for losses incurred by the subsidiary prior to its merger with Southern Bell following another FCC order which permitted Southern Bell to directly market and sell customer premises equipment.

**Am Jur 2d, State and Local Taxation §§ 534-537.**

### 2. Taxation § 118 (NCI4th)— merger of corporation and subsidiary—no continuity of business enterprise—deduction of subsidiary's pre-merger losses not allowed

The merger of Southern Bell and its subsidiary did not qualify as a continuity of business under *Fieldcrest Mills, Inc. v. Coble*, 290 N.C. 586 (1976), so as to entitle Southern Bell to deduct the pre-merger economic losses of the subsidiary against Southern Bell's post-merger gains in calculating its income tax. The merger did not meet the "but-for" or "assets" tests where the record does not show whether the subsidiary's assets earned any post-merger profits; nor did the merger meet the "substantially the same business" test where it materially altered and enlarged the assets of the acquired subsidiary.

**Am Jur 2d, State and Local Taxation §§ 534-537.**

Appeal by respondent from order entered 19 February 1996 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 29 January 1997.

*Keith G. Landry and Robert E. Thomas, Jr. for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Kay Linn Miller Hobart, for respondent-appellant.*

LEWIS, Judge.

Respondent the North Carolina Department of Revenue ("DOR"), pursuant to N.C. Gen. Stat. §§ 150B-52 and 7A-27, appeals from an order of the trial court reversing Administrative Decision No. 287 of the Tax Review Board.

Petitioner BellSouth Telecommunications, Inc. ("Southern Bell") was incorporated in Georgia on 12 August 1983. On 10 January 1984, the Federal Communications Commission ("FCC") issued the "BOC Separation Order." Under this order, if Southern Bell wanted to sell or lease customer premises telephone equipment ("CPE") to its customers after 1 July 1984, it would be required to do so through a separate subsidiary corporation. Consequently, ASI, a wholly-owned subsidiary of Southern Bell, was incorporated on 26 October 1984 to market and sell CPE. ASI incurred net economic losses during taxable years 1985 through 1988, all the years of its operation.

In 1987, the FCC issued the "Structural Relief Order," which permitted Southern Bell to market and sell CPE directly. On 31 December 1988, ASI merged into Southern Bell. Southern Bell's 1989 tax return reflected profits from its operations. The record does not indicate whether the assets of ASI posted any post-merger profits. Southern Bell deducted the net economic loss incurred by ASI during the taxable years 1985 through 1988 on its 1989 return.

On 3 February 1992, DOR issued a proposed notice of assessment for additional corporate income taxes for years 1988, 1989 and 1990 against Southern Bell. Southern Bell protested the assessment and requested an administrative hearing, which was held on 29 June 1993, before Michael A. Hannah, Assistant Secretary ("Secretary"). At the hearing, the only issue was whether N.C. Gen. Stat. section 105-130.8 (1995) permitted Southern Bell to deduct the losses incurred by ASI prior to its merger into Southern Bell. The Secretary held that Southern Bell was not entitled to deduct the net economic losses incurred by ASI prior to the merger since the group of ASI assets which produced the net economic loss, the CPE assets, failed to generate a profit after the merger against which the earlier losses could be offset.

In addition, the Secretary rejected Southern Bell's argument that but for its compliance with FCC rulings, Southern Bell would not have formed a subsidiary to sell CPE and would have therefore been able to deduct losses suffered by the CPE business as ordinary business expenses. Southern Bell filed a petition for administrative review by the Tax Review Board. The Tax Review Board, by Administrative Decision No. 287 issued 20 January 1995, confirmed the Secretary's decision.

Southern Bell petitioned for judicial review of the Tax Review Board's decision. The superior court ruled that the Tax Review Board acted arbitrarily and capriciously in failing to take into account the fact that ASI was only created in response to FCC rulings and that Southern Bell would have derived a tax benefit from the losses sustained by ASI had they been permitted to conduct the CPE operations directly. The court also found that the merger of Southern Bell and ASI satisfied the "continuity of business enterprise" test under G.S. § 105-130.8 because the merger satisfied the "but for" and the "substantially the same business" test enunciated in *Fieldcrest Mills, Inc. v. Coble*, 290 N.C. 586, 227 S.E.2d 562 (1976).

The trial court reversed the Tax Review Board and held that Southern Bell was entitled to deduct the net economic losses sustained by ASI prior to the merger. DOR appeals.

DOR asserts multiple assignments of error, but we find merit in their appeal by addressing only two issues.

[1] First, we address DOR's argument that the trial court erred in determining that the Secretary and Tax Review Board acted arbitrarily and capriciously in failing to consider that ASI was only created as a result of FCC rulings.

There is ample evidence in the record that the Secretary considered the effect of the FCC rulings. Specifically, the Secretary found:

Lack of choice is not a consideration in determining whether a net economic loss is allowed as a deduction to a surviving corporation [under N.C. Gen. Stat. § 105-130.9]. There is simply no authority, statutory or judicial, for taxpayer's position. The Secretary of Revenue is responsible for applying the tax laws as written by the legislature and as interpreted by the courts. The law is clear that Southern Bell is not permitted to deduct the net economic losses incurred by ASI. An exception such as taxpayer claims is not supported by any statute or law.

The trial court concluded that Southern Bell was entitled to claim the disputed tax deduction because it "would have derived a tax benefit from the losses sustained by ASI had Southern Bell been permitted to conduct the CPE operations directly." However, Southern Bell was unable to conduct the CPE operations directly pursuant to an FCC ruling. There is absolutely no basis for the court to ignore the effect of the "BOC Separation Order" and instead treat ASI and Southern Bell as if they had always been one company. The two companies were created in response to a federally ordered divestiture or separation. As the North Carolina Supreme Court has recognized, "If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict." *Piedmont Canteen Service, Inc. v. Johnson*, 256 N.C. 155, 166, 123 S.E.2d 582, 589 (1962) (holding that inability of vending machine retailer to collect taxes upon small sales does not relieve it from remitting proper amount of taxes upon total gross receipts). In this case, the FCC rulings regulating CPE and requiring that a separate subsidiary be created if Southern Bell wished to continue selling CPE is an incident of trade and a circumstance which has absolutely no bearing on whether Southern Bell qualified for the tax deduction. The trial court erred in finding otherwise.

[2] Next, we address DOR's argument that the trial court erred as a matter of law in determining that the merger of ASI and Southern Bell satisfied the "continuity of business enterprise" test under *Fieldcrest* so as to qualify to deduct pre-merger losses under G.S. § 105-130.8.

DOR argues that it was error for the court to deem that the merger satisfied the "continuity of business enterprise" test when the merger failed to satisfy the "assets" test under *Fieldcrest*. The court ruled that the merger satisfied the "but-for" and the "substantially the same business" tests and therefore qualified for the tax deduction. Because we find the merger did not satisfy any of the tests under *Fieldcrest*, we agree.

Pursuant to N.C. Gen. Stat. Section 150B-51(b), we apply *de novo* review of administrative agency decisions in reviewing claims alleging errors of law. *Brooks v. Ansco & Associates*, 114 N.C. App. 711, 716, 443 S.E.2d 89, 92 (1994). At issue here is whether the merger of ASI into Southern Bell qualifies as a continuity of business enterprise so as to enable Southern Bell to deduct the pre-merger losses of ASI against Southern Bell's post-merger gains. G.S. § 105-130.8 provides:

> Net economic losses sustained by a corporation in any or all of the five preceding income years are allowed as a deduction to *such* corporation. . . . the purpose in allowing the deduction of a net economic loss . . . is that of granting some measure of relief to *the* corporation which has incurred economic misfortune. . . .

G.S. 105-130.8(1) (emphasis added).

Originally, a carryover deduction was only available for "the corporation" which had actually suffered the economic loss. *See Fieldcrest*, 290 N.C. at 592-93, 227 S.E.2d at 566-67. Courts eventually expanded their interpretation of "the corporation" and allowed companies to deduct the losses of corporations they had subsumed or joined with through merger, under certain conditions. *Id.* The North Carolina Supreme Court, in *Fieldcrest*, explained in detail the evolution of three tests for determining whether the resultant corporation of a merger could be treated as merely continuing the business enterprise of the former corporation and therefore eligible to deduct its losses. Both parties agree that *Fieldcrest* controls this case.

The three tests enunciated by the Court in *Fieldcrest* are as follows: (1) the "but-for" test, which allows the deduction, if but for the merger, the corporation suffering the loss would have been able to utilize the deduction; (2) the "assets" test, which requires that the pre-merger assets which suffered the loss must have post-merger gains against which to offset the loss; and (3) the "substantially the same business" test which allows the deduction if the business of the acquired corporation which sustained the loss has not been materially altered or enlarged by the merger. *Fieldcrest*, 290 N.C. at 598, 227 S.E.2d at 569-570.

The lower court found that the Southern Bell/ASI merger satisfied the "but-for" and "substantially the same business" tests under *Fieldcrest*. However, integral to the court's finding was its reasoning that "but-for" the FCC separation requirements, Southern Bell would have conducted CPE services directly and therefore would have been able to deduct any losses as business expenses. Since we find that it was error for the court to consider the effect of the FCC rulings, we hold that the merger does not satisfy any of the tests under *Fieldcrest*.

First, under the "but-for" test, Southern Bell is entitled to claim the tax deduction if, "but-for" the merger, ASI would have been able to claim the deduction. *Id.* at 606, 227 S.E.2d at 574. In order for ASI

to have qualified for the tax deduction, ASI would have to prove that it had income in 1989 against which to offset the losses of 1985-88. *Id.* In this case, there is no evidence in the record that ASI experienced any gain or income in 1989. Southern Bell appears to have offered no evidence that the ASI assets posted any gain in 1989. The burden of proof is on the taxpayer to establish a deductible loss and its amount. *Ward v. Clayton*, 5 N.C. App. 53, 58, 167 S.E.2d 808, 811 (1969), *aff'd*, 276 N.C. 411, 172 S.E.2d 531 (1970). Thus, without any evidence that ASI would have been able to claim the tax deduction "but for" the merger, Southern Bell also fails to qualify for the deduction.

The merger also fails to qualify as a continuity of business enterprise using the "assets" test. Under the assets approach,

> the pre-merger losses generated by the physical assets of the acquired corporation may be used to offset the post-merger profits of the resulting corporation which are generated by those assets but such losses may not be offset against the resulting corporation's post-merger profits attributable to the acquiring corporation's pre-merger physical assets.

*Fieldcrest*, 290 N.C. at 598, 227 S.E.2d at 569. As stated supra, Southern Bell has not offered any evidence that the assets of ASI experienced any post-merger gains against which to offset pre-merger losses. Southern Bell argues that the Tax Review Board's rule requiring that a corporation seeking to deduct pre-merger losses prove by evidence of accounting records that clearly show the income and expenses attributable to such group of assets is not required by *Fieldcrest* or any other authority. Assuming this argument to be true, nevertheless, the record reveals that the Tax Review Board offered Southern Bell other, less stringent alternatives to demonstrate that ASI had post-merger gains. It appears that Southern Bell did not offer any evidence on the issue. The only evidence Southern Bell submitted was of the gains experienced by Southern Bell as a whole. Under the assets test, evidence regarding Southern Bell's overall gains was insufficient. Thus, we conclude that Southern Bell also failed to demonstrate that its merger was a "continuity of business enterprise" under the "assets" test.

Finally, Southern Bell fails under the "substantially the same business" test. In *Fieldcrest*, the court indicated that the assets of the merged corporation must not be materially altered or enlarged by the merger. 290 N.C. at 607, 227 S.E.2d at 575. If the merged company's assets are materially altered or enlarged, there is no continuity of

business enterprise under this test and the resulting corporation is not "the corporation" which sustained the loss. *Id.* The deduction is therefore not available. In this case, it is clear that the merger materially altered and enlarged the assets of the former ASI. ASI, pre-merger, had only one principal line of service, CPE. Southern Bell offered a myriad of other services, excluding CPE. The merged company offering CPE and a host of other telecommunication services clearly enlarged the assets of the former ASI. Thus, Southern Bell can claim no continuity of business enterprise and cannot deduct ASI's losses.

We hold that the trial court erred in finding that the Tax Review Board acted arbitrarily and capriciously by not considering the effect of the FCC rulings in the formation of ASI and in finding that the merger of ASI into Southern Bell qualified as a "continuity of business enterprise" so as to enable Southern Bell to deduct the pre-merger losses of ASI on its 1989 corporate tax return. Accordingly, the order is

Reversed.

Judges WALKER and MARTIN, Mark D. concur.